*United States v. Brooks*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand twenty-six.

Present:
> PIERRE N. LEVAL,
> MICHAEL H. PARK,
> > *Circuit Judges,*
> JED S. RAKOFF,*
> > *District Judge.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

v.

SHAUN BROOKS,

> *Defendant-Appellant.*†

23-7783(L)
23-7788(CON)

---

FOR DEFENDANT-APPELLANT: JEREMIAH DONOVAN, Old Saybrook, CT.

FOR APPELLEE: KAIYA ARROYO (Michael D. Maimin, Nathan Rehn, *on the brief*), Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY.

---

\* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

† The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from judgments of the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED**.

In 2022, while on supervision for a 2009 drug conspiracy conviction (the "2009 Case") and a 2016 prison-escape conviction (the "2016 Case"), Defendant-Appellant Shaun Brooks violated his conditions of supervised release by using marijuana, choking his girlfriend, and violating a protective order by continuing to contact his girlfriend while in prison. The United States District Court for the Southern District of New York revoked his supervised release, sentencing him to three years of imprisonment in the 2009 Case and two years of imprisonment in the 2016 Case, to run consecutively. The court also imposed five years of supervised release in the 2009 Case to run concurrently with one year of supervised release in the 2016 Case, with the same conditions previously imposed. The written judgments mistakenly stated that the prison terms would run concurrently, but the district court corrected the judgments while this appeal was pending to reflect that the prison terms are consecutive. On appeal, Brooks primarily challenges his term of imprisonment, the district court's amendment of the written judgments, and his conditions of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's legal conclusions de novo, its factual findings for clear error, and the overall sentence for procedural and substantive reasonableness under an abuse-of-discretion standard. *See, e.g.*, *United States v. Taylor*, 961 F.3d 68, 74 (2d Cir. 2020). When a defendant challenges a sentencing decision on appeal that he did not contemporaneously object to,

2

we review for plain error. *See United States v. Rodriguez*, 775 F.3d 533, 536 (2d Cir. 2014); Fed. R. Crim. P. 52(b).

## I. Term of Imprisonment

Brooks contends that the district court erred in sentencing him to consecutive terms of imprisonment for his supervised release violations in the 2009 Case and 2016 Case. "If multiple terms of imprisonment are imposed on a defendant at the same time . . . the terms may run concurrently or consecutively." 18 U.S.C. § 3584(a). In contrast, a term of supervised release "runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense." *Id.* § 3624(e). So terms of imprisonment may run consecutively or concurrently, but terms of supervised release may run only concurrently.

Brooks argues that when a district court revokes a term of supervised release and requires a defendant to serve time in prison, the defendant "continues to serve a 'term of supervised release' in prison—as opposed to a 'term of imprisonment.'" Appellant's Br. at 21. Under this theory, § 3624(e) would require that the prison time in the two cases run concurrently. Brooks raised this argument before the district court, so we review de novo. *See United States v. Gonzalez*, 647 F.3d 41, 62 (2d Cir. 2011).

We reject Brooks's argument and conclude that a district court imposes a "term of imprisonment" when it requires a defendant to serve time in prison after revoking supervised release. 18 U.S.C. § 3583(e) governs revocation of supervised release. If a defendant violates a term of supervised release, this provision authorizes the district court to "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release." *Id.*

3

§ 3583(e)(3). The surrounding provisions confirm that a court imposes a "term of imprisonment" when it does so. For example, § 3583(h) provides that "[w]hen a term of supervised release is revoked and the defendant is required to *serve a term of imprisonment*," the length of a term of supervised release following imprisonment "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any *term of imprisonment that was imposed* upon revocation of supervised release." *Id.* § 3583(h) (emphasis added). Similarly, § 3583(k) requires that if a defendant required to register under the Sex Offender Registration and Notice Act commits a specified offense, "the court shall revoke the term of supervised release and require the defendant to serve *a term of imprisonment* under subsection (e)(3)." *Id.* § 3583(k) (emphasis added). So when the district court revoked supervised release and required Brooks to serve time in prison for supervised release violations in the 2009 and 2016 Cases, it imposed "multiple terms of imprisonment" at the same time and was permitted to impose the terms consecutively. *Id.* § 3584(a).

## II.  Rule 36 Order

Brooks next argues that the district court should not have corrected the written judgments. Under Rule 36 of the Federal Rules of Criminal Procedure, "the court may at any time correct a clerical error in a judgment." While this appeal was pending, the government told the district court that the written judgments stated that Brooks's terms of imprisonment in the 2009 and 2016 Cases would run concurrently, even though the court had orally imposed consecutive sentences. The court acknowledged the clerical error and granted the government's motion to correct the judgments under Rule 36. Brooks contends that the district court lacked jurisdiction to amend the

judgments while the appeal was pending, or, alternatively, that it should have considered whether equitable considerations weigh against amending them.

A threshold issue is whether Brooks effectively raised this objection in this appeal in view of the fact that he did not file a second notice of appeal after the district court amended its judgments to correct the error in the original written judgments under Rule 36. Brooks timely appealed from the original judgments, but he never filed a second notice of appeal after the district court amended them. Citing *Manrique v. United States*, 581 U.S. 116 (2017), the government contends that Brooks's notice of appeal was not timely as to the amended judgments and that we thus lack appellate jurisdiction to consider his challenge to them. These circumstances differ substantially from those in *Manrique.* There, the defendant appealed from a judgment that "expressly deferred 'determination of restitution'" to a later date but he failed to file a second notice of appeal after the amended judgment imposed a new restitution requirement in a particular stated amount. *Id.* at 119. The defendant sought to challenge the amount of the restitution. The Supreme Court ruled that in order to challenge that new term on appeal, the defendant was obligated to file a notice of appeal subsequent to its imposition. In this case, in contrast, Brooks does not object to a new term. The court had orally pronounced at sentencing that the two terms of imprisonment would be consecutive, but had then mistakenly provided in its written judgments that the terms were concurrent. Brooks had filed his only notice of appeal after those judgments and prior to the court's Rule 36 correction of the erroneous written judgments so as to conform them to the sentence imposed in Brooks's presence. We have no need to decide whether the *Manrique* ruling would apply to these facts. Regardless of whether this is because Brooks's notice of appeal was untimely to challenge the subsequent order, or whether it is because Brooks

5

has failed to show any error in the district court's ultimate judgment, Brooks presents us with no reason to overturn the district court's amended judgment.

Turning to Brooks's challenge, the district court had jurisdiction to amend the judgment to conform with the oral sentence while this appeal was pending. Although "[a] notice of appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal," this "rule does not preclude a district court, after notice of appeal has been filed, from correcting clerical errors under [Federal Rule of Criminal Procedure 36]." *United States v. Ransom*, 866 F.2d 574, 575-76 (2d Cir. 1989) (quotation marks omitted). A mistake in transcribing the judgment is one such error, and we have recognized that "Rule 36 authorizes a district judge, at any time, to amend the written judgment so that it conforms with the oral sentence pronounced by the court." *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995). That is what happened here. As Brooks concedes, at the sentencing proceeding in the presence of the defendant, "the court orally ordered that the carceratory sentences were to run consecutively, [but] the written judgments stated that the sentences were to run concurrently," Appellant's Br. at 11, so the district court amended the written judgments to conform with the oral sentence.

Brooks's contrary argument relies on our opinion in *Jacques*, which vacated a district court's Rule 36 order entered while an appeal was pending. *See United States v. Jacques*, 6 F.4th 337 (2d Cir. 2021). But *Jacques* involved very different circumstances. There, the defendant had timely appealed the district court's order denying his motion to amend the judgment. *Id.* at 340. While the appeal was pending, the district court entered a second order correcting the errors at issue in the defendant's original motion. We explained that although the correction was "clerical," it eliminated "the aspect of the judgment that was the subject of the appeal," and

6

concluded that the district court could not "correct Rule 36 errors while there was an appeal pending from its denial of a Rule 36 motion involving those errors." *Id.* at 344. But here, the district court's order does not eliminate any aspect of the judgment that is the subject of the appeal or otherwise disturb our ability to resolve any of the issues.

Nor did the district court misapprehend the law when it concluded that it could not decline to correct the clerical error. Brooks contends that Rule 36 says that the court "may" correct a clerical error, so correction is discretionary. But he does not identify any authority holding that the district court may decline to correct a clerical error brought to its attention. Even if a court has discretion not to correct some clerical errors, it does not have discretion to modify the sentence it orally pronounced by declining to correct an error in the written judgment. 18 U.S.C. § 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed" unless certain criteria are met, and we have repeatedly instructed that "where an unambiguous oral sentence conflicts with the written judgment, the oral pronouncement of sentence must control." *United States v. Guard*, 152 F.4th 375, 395 (2d Cir. 2025) (cleaned up). Although Brooks insists that he did not request that the court change his sentence, "but only that [it] *not* act to change his judgments," Appellant's Br. at 15, his argument amounts to a request that he serve two fewer years of imprisonment. An opposition to a Rule 36 motion is not a vehicle for such relief. In any event, the district court corrected the judgments while Brooks was still in custody in a halfway house, and Brooks points to no extraordinary circumstances that would justify declining to correct the written judgments here.

## III. Conditions of Supervised Release

Finally, Brooks challenges the district court's imposition of conditions of supervised release. [1] At sentencing, the district court told Brooks that "[t]he previous conditions of supervised release are imposed." App'x at 174. The judgment in each case states that Brooks is to comply with all previously imposed conditions of supervised release. Brooks argues that the district court erred because it failed to pronounce the conditions of supervised release in his presence, imposed conditions that were insufficiently clear, and failed adequately to explain why it imposed the conditions it did.

The district court adequately pronounced the conditions of supervised release when it reimposed the same conditions that were included in the prior sentences. "[A] sentencing court intending to impose non-mandatory conditions of supervised release, including the 'standard' conditions described in [U.S.S.G.] § 5D1.3[(b)(2)], must notify the defendant during the sentencing proceeding; if the conditions are not pronounced, they may not later be added to the written judgment." *United States v. Maiorana*, 153 F.4th 306, 314 (2d Cir. 2025) (en banc). "A sentencing court need not read the full text of every condition on the record. But it must, at the very least, as part of the pronouncement of the sentence in the presence of the defendant during

---

[1] Brooks also briefly argues that 18 U.S.C. § 3583(h) forbade the district court from sentencing him to any additional period of supervised release in the 2016 Case. Section 3583(h) permits a new term of supervised release after revocation, but its length may not exceed "the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." Brooks was sentenced under 18 U.S.C. § 751 in the 2016 Case, which authorizes a three-year term of supervised release. *See id.* §§ 751(a), 3559(a)(4), 3583(b)(2). The district court sentenced Brooks to two years of imprisonment upon revocation, so it was authorized to impose up to one year of supervised release under § 3583(h), which it did. Brooks's contention that the court also had to subtract the three years of imprisonment that were imposed when his probation was revoked years earlier is incorrect because § 3583(h) subtracts imprisonment imposed upon revocation of "supervised release" only, not probation.

8

the sentencing proceeding, expressly adopt or specifically incorporate by reference particular conditions that have been set forth in writing and made available to the defendant in the PSR, the Guidelines, or a notice adopted by the court." *Id.* Here, the district court expressly adopted the conditions that were imposed in prior sentences. The prior judgments set forth the conditions in writing and Brooks does not dispute that they were made available to him. *See id.* We thus conclude that the district court adequately pronounced the conditions of supervised release.

Brooks next argues that the court's oral pronouncement was too vague because it is unclear whether the separate conditions of supervised release in the 2009 and 2016 Cases merge into a single set of supervised release conditions for both cases. We reject this argument. The most logical understanding of the oral sentence is that the 2009 judgment adopted the conditions previously imposed in the 2009 Case, and the 2016 judgment adopted the conditions previously imposed in the 2016 Case. Even if this were not clear at sentencing, it became clear when the district court issued separate judgments in the 2009 and 2016 Cases, each requiring Brooks to comply with the previously-imposed conditions of supervised release. Although a written judgment may not "place additional burdens on the defendant," it may "simply clarify ambiguity in the oral imposition of supervised release." *United States v. Thomas*, 299 F.3d 150, 155 (2d Cir. 2002).[2]

Finally, Brooks argues that the district court failed adequately to explain why it reimposed the conditions of supervised release. "A district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to

[2] "*Maiorana* does not disturb this general rule that a written judgment may clarify the terms of the sentence; it merely narrows the scope of the rule to exclude its application to a written judgment's addition of discretionary conditions of supervised release." *United States v. Woods*, No. 23-6012, 2025 WL 3022349, at *2 n.1 (2d Cir. Oct. 29, 2025) (summary order).

9

state on the record the reason for imposing it; the failure to do so is error." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). But "a district court generally need not articulate separate reasons for imposing every single special condition where it has already explained the overall reasons for its sentencing decision." *United States v. Thompson*, 143 F.4th 169, 178 (2d Cir. 2025). And "the degree of specificity required for the reasons behind a [violation-of-supervised-release] sentence is less than that for plenary sentencing." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020). Moreover, even absent an explanation, "so long as the reason for a special condition is self-evident in the record . . . we consider any error in this respect harmless." *United States v. Harris*, 164 F.4th 181, 195 (2d Cir. 2026) (cleaned up).

On this record, it is self-evident why the district court reimposed the same conditions of supervised release. Across the 2009 and 2016 Cases, the district court imposed three special conditions: a search condition, a drug-treatment condition, and a mental-health-treatment condition. Brooks does not argue that the district court failed to make an individualized assessment when it initially imposed these conditions, or that these conditions were unsupported by the record. If he had not violated supervised release, he would have continued supervision under the same terms. And nothing in the intervening years undermined the district court's rationale for imposing the special conditions. At sentencing, the district court recounted Brooks's long history of violations, and explained that "there is nobody I think who is more of a recidivist than Mr. Brooks." App'x at 172. It also explained its sentence was warranted because Brooks "just won't own up to it. He just doesn't want to take seriously his obligation to follow the law." *Id.* And Brooks points to nothing in the record—either before the district court or in this appeal—

10

suggesting that changed circumstances warranted different conditions of supervised release from the ones previously imposed.

*　　*　　*

We have considered Brooks's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgments of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court